United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JDING PROPERTIES LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-03382-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 41 |

Plaintiff Scott Johnson filed this action against Defendants Jding Properties, LLC and Starbucks Corporation, alleging that Defendants violated the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act. Dkt. No. 1. Specifically, Plaintiff alleges that he encountered barriers with the transaction counters and the entrance door hardware at the Starbucks store. *Id*. ¶¶ 37–44.

Defendant Starbucks has been the defendant in numerous ADA suits based on the same counter practices at issue here, including in *Johnson v. Blackhawk Centercal*, No. 19-15759 (9th Cir.) ("*Blackhawk*") and *Kong v. Mana Inv. Co., LLC*, No. 19-55577 (9th Cir.) ("*Mana*"). In both *Blackhawk* and *Mana*, the district court ruled in favor of Starbucks on the counter space issue. *See* Dkt. No. 41-3, Ex. A; Dkt. No. 41-6, Ex. D. Those cases are now currently on appeal before the Ninth Circuit. Plaintiff moves to stay this action pending resolution of the appeals, which he contends will control the determination of this matter. Dkt. No. 41.

The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L.R. 7–1(b). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion and **STAYS** this action.

## I. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to issue a stay, courts weigh: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

## II. DISCUSSION

Given that the Ninth Circuit's decisions in the *Blackhawk* and *Mana* appeals will affect any merits determination in the instant action, the Court finds that the *Landis* factors weigh strongly in favor of staying this action pending resolution of the appeals. Defendants' arguments to the contrary are not persuasive. They contend that because *Blackhawk* and *Mana* control resolution of the counter space claim only and not the door hardware claim, a stay would "prejudice Starbucks as it would permit Plaintiff to needlessly delay the investigation and adjudication of one of the two barriers that he allegedly encountered in this case." Dkt. No. 43 at 3. But delay alone does not constitute prejudice. *See CMAX*, 300 F.2d at 268–69. And Starbucks's arguments are undermined by the fact that there are approximately sixteen other cases in this district involving the same transaction counter practice (and some with the same door hardware practice), all of which are currently stayed pending disposition of the appeals. *See, e.g.*, *Johnson v. Starbucks Corp.*, No. 18-CV-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) (collecting cases). Accordingly, the Court finds that judicial efficiency weighs in favor of granting a stay in this action.

### III. CONCLUSION

The Court **GRANTS** Plaintiff's motion to stay and **VACATES** the hearing on October 31, 2019. This case is hereby **STAYED** until completion of the *Blackhawk* and *Mana* appeals. The parties are **DIRECTED** to submit a joint status report within two court days of any opinion or memorandum disposition in *Blackhawk* or *Mana*. If no disposition has issued in either of the two appeals within 120 days from the date of this order, the parties are directed to submit a joint status report updating the Court on the status of the appeals.

**IT IS SO ORDERED.**

Dated: 10/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge